74,762-05

MR. JASON T. PEGUES #728196
HUNTSVILLE UNIT
815 12th STREET
HUNTSVILLE, TEXAS
77348

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 20 2015

Abel Acosta, Clerk

APRIL 15, 2015

TO: COURT OF CRIMINAL APPEALS

BOX 12308

CAPITOL STATION

AUSTIN, TEXAS 78711

MOTION DENIED
DATE: 0-3-15
BY: PC

Re: Ex parte JASON T. PEGUES/CAUSE No.94-DCR-026185 HC4(WR-74,762-05)

DEAR CLERK ABEL ACOSTA,

PLEASE FIND ENCLOSED A MOTION FOR REMAND TO CONDUCT FURTHER

FINDINGS IN REFERENCE TO THE ABOVE MENTIONED CAUSE NUMBER. IF YOU

WILL PLEASE PLACE THE ENCLOSED ON THE COURT DOCKET SO THAT IT MAY BE

PRESENTED TO THE COURT AND TAKEN INTO CONSIDERATION AS THE COURT

RULE ON THE APPLICANT'S APPLICATION. THANK YOU FOR YOUR TIME AND

ASSISTANCE.

RESPECTFULLY SUBMITTED,

#728196

JASON T. PEGUES #728196
THE APPLICANT:
CAUSE No.94-DCR-026185 HC4

cc/file:

1 of 1

CAUSE No.94-DCR-026185 HC4

WR-74,762-05

§
§
§
§                    IN THE COURT OF CRIMINAL APPEALS
§
Ex Parte                  §
§
   JASON TYRONE PEGUES     §
§
§                                      AT
§
§
§
§                            AUSTIN, TEXAS
§
§
§
§

APPLICANT'S MOTION FOR REMAND
TO CONDUCT FURTHER FINDINGS

TO THE HONORABLE JUDGE OF SAID COURT:

   COMES NOW, JASON T. PEGUES #728196, APPLICANT, pro-se, IN THE ABOVE
STYLED & NUMBERED CAUSE OF ACTION RESPECTFULLY SUBMIT THIS MOTION FOR
REMAND TO CONDUCT FURTHER FINDINGS UNDER Art.11.07 OF THE CODE OF
CRIMINAL PROCEDURE IN REFERENCE TO TRIAL COURT CAUSE No.94-DCR-026185
HC4 (WR-74,762-05). THE APPLICANT WOULD LIKE TO SHOW THIS HONORABLE
COURT THE FOLLOWING:

PROCEDURAL HISTORY
I.

APPLICANT FILED A SUBSEQUENT APPLICATION 11.07 HABEAS CORPUS AROUND
DECEMBER 10,2015, IN WHICH THIS HONORABLE COURT DISMISSED THE
APPLICATION ON MARCH 4,2015. THE APPLICANT RECEIVED THIS COURT'S
RULING OF DISMISSAL ON MARCH 11,2015 AND ON MARCH 13,2015 THE APPLICANT

-1-

FILED A "APPLICANT'S SUGGESTION PURSUANT TO RULES OF APPELLATE PROCEDURE,RULE 79.2(d) UNDER Art.11.07" IN THIS HONORABLE COURT. ON <u>MARCH 31,2015</u> THE APPLICANT SUDDENINGLY RECEIVED FINDINGS & CONCLUSIONS FROM THE TRIAL COURT PERTAINING TO THE APPLICATION THIS HONORABLE COURT DISMISSED (<u>No.94-DCR-026185 HC4</u> (<u>WR-72,762-04</u>)). DUE TO THE TRIAL COURT SUDDENINGLY PRESENTING FINDINGS ON AN APPLICATION THAT THIS HONORABLE COURT PREVIOUSLY DISMISSED, THE APPLICANT LOGICALLY ASSUMED THAT HIS MOTION FOR RECONSIDERATION PURSUANT TO RULE 79.2(d) OF THE RULES OF APPELLATE PROCEDURE UNDER 11.07 ESTABLISHING SEC.4(a)(1)(2) HAD BEEN GRANTED BY THIS HONORABLE COURT. THE APPLICANT RECEIVED THE NOTIFICATION CARD FROM THIS HONORABLE COURT THAT HIS APPLICATION WR-72,762-05 HAD BEEN RECEIVED AND PRESENTED TO THE COURT FOR RULING ON <u>APRIL 15,2015</u>. THE APPLICANT IMMEDIATELY FILE THIS MOTION FOR REMAND TO CONDUCT FURTHER FINDINGS ON <u>APRIL 16,2015</u>.

## <u>STATEMENT OF FACTS</u>

WITH THE APPLICANT RECEIVING FINDINGS FROM THE TRIAL COURT, THE APPLICANT NOTICED THAT THE FINDINGS REGARDING <u>CAUSE No.94-DCR-026185 HC4</u> WERE THE EXACT SAME FINDINGS THE RESPONDENT FILED REGARDING THE INITIAL APPLICATION IN WHICH THE APPLICANT OBJECTED TO IN THAT PROCEEDING. FURTHERMORE, NEW EVIDENCE THAT WAS NOT AVAILABLE WHEN THE INITIAL APPLICATION WAS FILED, ESTABLISHING SEC4(a)(1), REQUIRES NEW FINDINGS, AS WELL AS BUT FOR A VIOLATION OF THE UNITED STATES CONSTITUTION NO RATIONAL JUROR COULD HAVE FOUND THE APPLICANT GUILTY BEYOND A REASONABLE DOUBT, ESTABLISHING SEC.4(a)(2). THIS NEW CREDIBLE, CRITICAL, CLEARE,AND CONVINCING EVIDENCE WOULD HAVE CAUSED THIS CASE <u>26185</u> TO RESULT DIFFERENTLY. <u>Ex parte BROOKS,219 S.W.3d 396(TEX.CRIM.APP.2007)</u>; <u>Ex Parte WHITESIDE,12 S.W.3d 819(TEX.CRIM.APP.2000)</u>.

-2-

## GROUNDS FOR REMAND TO CONDUCT FURTHER FINDINGS
### I.

THE SUBSTANCE OF THE TRIAL COURT'S FINDINGS CAME FROM THE TRIAL RECORD/TRANSCRIPT, AND IN THAT FACT, THE STATE DID NOT DIRECTLY ADDRESS THE CLAIMS & ISSUES PRESENTED BY THE APPLICANT WHICH REGARDS TO THE INVESTIGATING PARTS OF THIS CASE 26185. THE TRIAL COURT HAS PURPOSELY REVIEWED THE TRIAL RECORD AND **DID NOT REVIEW** THE INVESTIGATING ARRESTING RECORD IN WHICH ONLY THE INVESTIGATING/ARRESTING RECORD CAN PROVE BEYOND A REASONABLE DOUBT THE CLAIMS & ISSUES THE APPLICANT HAS PRESENTED. WITH THE TRIAL COUNSEL CARY M.FADEN BEING INEFFECTIVE FAILING TO PRESENT THESE PARTICULAR CLAIMS & ISSUES IN TRIAL, Ex parte HOWARD,425 S.W.3d 323 (TEX.CRIM.APP.2014); Ex parte WILLIAM CHARLES DENTON,2013 TEX.CRIM.APP.LEXIS 792 (TEX.CRIM.APP.,MAY 22,2013);Ex parte ROGERS,369 S.W.3d 858 (TEX.CRIM.APP.2012), THE TRIAL RECORD DOES NOT HOLD ANY SUBSTANCE TO THE FINDINGS REGARDING THE INVESTIGATING/ ARRESTING PARTS OF THIS CASE 26185. THE TRIAL COURT FINDING IT'S FACTS ACCORDING TO THE TRIAL RECORD, IS IN PURPOSE BY THE STATE TO DERAIL THE COURT SO THE INVESTIGATING/ARRESTING RECORD WOULD NOT BE REVIEED SINCE THE INVESTIGATING/ARRESTING RECORD CAN LITERALLY PROVE THE APPLICANT'S CLAIMS & ISSUES BEING PRESENTED, BEYOND A REASONABLE DOUBT.

THIS HONORABLE CURT IS NOT BOUND BY THE TRIAL COURT FINDINGS, THE COURT SHOULD FOLLOW THEM WHERE THEY ARE SUPPORTED BY THE RECORD. Ex parte BRANDLEY,781 S.W.2d 886 (TEX.CRIM.APP.1989); Ex parte ADAMS,768 S.W.2d 281 (TEX.CRIM.APP.1989).

CRIMINAL LAW 1158 (1): A FINDING OF FACT IS CLEARLY ERRONEOUS WHEN ALTHOUGH THERE IS EVIDENCE TO SUPPORT IT, THE REVIEWING COURT ON THE ENTIRE EVIDENCE IS LEFT WITH A FIRM & DEFINITE CONVICTION THAT A MISTAKE HAS BEEN COMMITTED.

## II.

WITH THE DEFENSE COUNSEL CARY M.FADEN FAILING TO PRESENT THESE PARTICULAR CLAIMS & ISSUES (Ex parte WILLIAM CHARLES DENTON,2013 TEX. CRIM.APP.LEXIS 792 (TEX.CRIM.APP.,MAY 22,2013), AS WELL AS FAILED TO PRESENT THIS CREDIBLE, CRITICAL, CLAEAR, and CONVINCING EVIDENCE [THE INVESTIGATING/ARRESTING RECORD] (Ex parte HOWARD,425 S.W.3d 323 (TEX. CRIM.APP.2014), THE SUBSTANCE OF THE STATE'S FINDINGS SHOULD ONLY COME FROM THE INVESTIGATING/ARRESTING RECORD ITSELF/ALONE. THE TRIAL RECORD WILL NOT HOLD ANY ELEMENTS OF THE CLAIMS &ISSUES THAT OCCURRED **BEFORE** THE ARREST IN THIS CASE 26185, WHICH IS WHAT THE APPLICANT'S APPLICATIONS (INITIALLY & SUBSEQUENTIAL) ARE PERTAINING TO AND IN WHICH HIS DEFENSE COUNSEL CARY M.FADEN DID NOT PRESENT & ARGUE, FOR IF HE WOULD HAVE, THIS CASE WOULD HAVE RESULTED DIFFERENTLY. UNITED STATES v. BAGLEY 473 U.S.667,676 (1985); Ex parte ROGERS,369 S.W.3d 858 (TEX. CRIM.APP.2012); Ex parte SCOTT,190 S.W.3d 672 (TEX.CRIM.APP.2006).

## III.

THE APPLICANT RESPECTFULLY SUBMIT THIS MOTION FOR REMAND SO THAT THE TRIAL COURT CAN BASE IT'S FINDINGS AND IT'S SUBSTANCE ACCORDING TO THE INVESTIGATING/ARRESTING RECORD IN THIS CASE 26185, AND DIRECTLY ADDRESS THE APPLICANT'S CLAIMS & ISSUES. IN THIS HONORABLE COURT'S DECISION IN COMPLETELY OVERRULING THE DeGarmo DOCTRINE AND IS TO BE APPLIED RETROACTIVELY (SEE:JACOBSON v. STATE,398 S.W.3d 195 (TEX.CRIM. APP.2013), COCHRAN,J.,CONCURRED STATING: "OUR CRIMINAL JUSTICE SYSTEM MAKES TWO PROMISES TO CITIZENS: A FUNDAMENTALLY FAIR TRIAL AND AN ACCURATE RESULT. IF EITHER OF THOSE TWO PROMISES ARE NOT MET, THE CRIMINAL JUSTICE SYSTEM ITSELF FALLS INTO DISREPUTE AND WILL EVENTUALLY BE DISREGARDED." (Ex parte THOMPSON,153 S.W.3d 416,421 (TEX. CRIM.APP.2005).

-4-

IF THE INVESTIGATING/ARRESTING RECORD IS REVIEWED TO ADJUDICATE THE MERITS OF THE APPLICANT'S CLAIMS IN WHCIH REGARDS TO THE INVESTIGATING PARTS OF THIS CASE 26185, THE REVIEWING COURT WILL NOT ONLY SEE THAT THE PROCEEDINGS LEADING TO TRIAL WAS NOT FAIR, BUT THAT THE TRIAL ITSELF WAS FUNDAMENTALLY UNFAIR, WHICH CONCLUDED TO A RESULT THAT WAS NOT ACCURATE. O'NEAL v. McANINCH,513 U.S.432 at III 995, at 997, and at III 451.

## REQUEST FOR RELIEF

### PRAYER

THE APPLICANT PRAYS THAT THIS HONORABLE COURT REMANDS THIS CASE & THE TRIAL COURT'S FINDINGS SO THAT THE TRIAL COURT CAN DIRECTLY ADDRESS THE APPLICANT'S CLAIMS BASED ON REVIEWING THE ONLY EVIDENCE WHICH IS THE INVESTIGATING/ARRESTING RECORD IN THIS CASE 26185 THAT CAN SPEAK and PROVE THE FACTS AND TRUTH IN THE INVESTIGATING PARTS OF THIS CASE. THE TRIAL COUNSEL DID NOT SPEAK/PRESENT ANY ERRORS OR VIOLATIONS THAT TOOK PLACE BEFORE THE ARREST WHEN THE APPLICANT WAS ONLY A WITNESS IN TRIAL OR IN APPEAL, WHICH CONCLUDES THAT THE TRIAL RECORD/TRANSCRIPT DOES NOT HOLD ANY SUBSTANCE TO THE APPLICANT'S CLAIMS. PRAYERFULLY THIS HONORABLE COURT WILL GRANT THIS MOTION AND REMAND FOR FURTHER FINDINGS ACCORDING TO THE INVESTIGATING/ARRESTING RECORD SO THAT THE APPLICANT'S CLAIMS CAN BE FAIRLY REVIEWED AND IT'S MERITS FAIRLY ADJUDICATED. THANK YOU FORe YOUR TIME AND CONSIDERATION.

EXECUTED ON: *April 16, 2015* .

RESPECTFULLY SUBMITTED,

#728196

JASON T. PEGUES #728196
APPLICANT:
HUNTSVILLE UNIT
815 12th STREET
HUNTSVILLE, TEXAS 77348

-5-

## CERTIFICATE OF SERVICE

I, JASON T. PEGUES #728196, THE APPLICANT, BEING PRESENTLY CONFINED IN WALKER COUNTY, TEXAS DO HEREBY AFFIRM THAT I HAVE DELIVERED THE ORIGINAL OF THIS MOTION FOR REMAND TO CONDUCT FURTHER FINDINGS TO THE PRISON MAILROOM OFFICIALS FOR DELIVERY TO THE FOLLOWING via U.S.POSTAL SERVICE:

THE COURT OF CRIMINAL APPEALS CLERK,ABEL ACOSTA

P.O. BOX 12308 CAPITOL STATION,

AUSTIN, TEXAS 78711

RESPECTFULLY,

JASON T. PEGUES
#728196
HUNTSVILLE UNIT
815 12th STREET
HUNTSVILLE, TEXAS 77348


## INMATE DECLARATION

I, JASON T. PEGUES #728196, PRESENTLY INCARCERATED IN WALKER COUNTY, TEXAS HEREBY DECLARE UNDER THE PENALTY OF PERJURY THAT THE ABOVE MENTIONED IN THIS MOTION FOR REMAND TO CONDUCT FURTHER FINDINGS IS TRUE AND CORRECT.

SIGNED ON THIS 16 day of APRIL,2015.

RESPECTFULLY,

JASON T. PEGUES #728196
APPLICANT:
HUNTSVILLE UNIT
815 12th STREET
HUNTSVILLE, TEXAS 77348

cc/file:

-6-